Filed 7/31/13  Mannarino v. Bank of America CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LORI MANNARINO et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B243803<br>(Super. Ct. No. 56-2011-00407097-<br>CU-OR-SIM)<br>(Ventura County) |

Lori Mannarino and Sam Treihaft appeal a judgment of dismissal entered after the trial court sustained a demurrer to their second amended complaint without leave to amend.  (Code Civ. Proc., § 581d.)  We affirm.

*FACTS AND PROCEDURAL HISTORY*

On November 18, 2011, Mannarino and Treihaft filed a complaint in propria persona against the Bank of America, N.A., ReconTrust Company, N.A., Flor Valerio, and T. Sevillano, regarding Mannarino's purchase of real property in Ventura County, and its subsequent foreclosure.[1]  Bank demurred, and prior to the hearing regarding the demurrer, Mannarino filed a first amended complaint.  Bank again demurred.  The trial court sustained the demurrer and permitted Mannarino leave to amend the complaint.

---

[1] We shall refer to plaintiffs as "Mannarino" and defendants as "Bank" except where clarity demands that we draw a distinction.

On May 18, 2012, Mannarino filed a 111-page second amended complaint naming 16 causes of action in a chain-pleading manner.[2] The complaint is in part unintelligible and states many factual and legal conclusions. Mannarino alleges that on March 28, 2007, she applied for a loan from Bank of America, N.A. to purchase a home. Two bank employees accepted her application and informed her that she would receive a 30-year fixed rate loan, but she received a 10-year interest only adjustable rate loan instead. She then executed loan documents without further explanation from the employees, and did not read the documents she executed. The bank soon sold the loan to "CIG HFI 1st Lien Mortgage," which became the "true lender." Following the sale, the bank serviced the loan.

On March 18, 2010, trustee ReconTrust Company, N.A. (ReconTrust) recorded a notice of default against the property asserting that Mannarino was in default of her loan obligation. ReconTrust later recorded a notice of sale, and a non-judicial foreclosure sale occurred in 2010. Mannarino alleges that only CIG HFI 1st Lien Mortgage, the true lender, can declare her in default and foreclose upon her property.

Mannarino also alleges that Treihaft, now her husband, assisted her in payment of her mortgage and became an owner of the property. Sevillano and Valerio are notaries who notarized certain documents.

Mannarino challenges the trial court's order sustaining the demurrer without leave to amend.

*DISCUSSION*

On appeal from a judgment dismissing an action following the sustaining of a demurrer without leave to amend, our standard of review is de novo, i.e., we exercise our independent judgment whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 564.) We treat the demurrer as admitting all material facts

---

[2] "Chain pleading" refers to a manner of pleading where each cause of action is based on preceding allegations of the complaint. (*Writers Guild of America, West, Inc. v. City of Los Angeles* (2000) 77 Cal.App.4th 475, 478.)

2

properly pleaded, but not contentions, deductions, or conclusions of fact or law. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189, fn. 1; *Lafferty*, at p. 564.).) We also give the complaint a reasonable interpretation, reading it in context and as a whole, to determine whether plaintiff has stated a cause of action. (*Lafferty*, at p. 564.)

Plaintiff bears the burden of showing that the factual allegations establish every element of each cause of action pleaded. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.) We will affirm the trial court's ruling if there is any ground upon which the demurrer could have been properly sustained. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752.) Plaintiff also bears the burden of showing that a reasonable possibility exists that he can amend his pleading to state a cause of action. (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 962; *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 ["Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend"].)

In the exercise of our independent judgment, we conclude that Mannarino's complaint does not state facts sufficient to constitute any cause of action. (*Lafferty v. Wells Fargo Bank, supra*, 213 Cal.App.4th 545, 564 [standard of review].) Moreover, the trial court did not abuse its discretion by denying Mannarino further opportunity to amend the complaint. (*Rakestraw v. California Physicians' Service, supra*, 81 Cal.App.4th 39, 43-44 [plaintiff bears burden of showing that he can amend his pleading to state a cause of action].)

*Statutes of Limitation*

A complaint that discloses that the statute of limitations has expired regarding one or more causes of action is subject to demurrer. (*Fuller v. First Franklin*

3

*Financial Corp.*, *supra*, 216 Cal.App.4th 955, 962.)  If a demurrer demonstrates that a pleading is untimely, plaintiff bears the burden of establishing an exception to the limitations period, such as equitable tolling.  (*Ibid.*)

Here many of the alleged causes of action are barred by applicable statutes of limitation.  The second cause of action entitled "Fraud" is precluded by the three-year limitations period of Code of Civil Procedure section 338, subdivision (d).  The complaint alleges conduct that occurred in March 2007; Mannarino filed the complaint on November 18, 2011.  The twelfth cause of action entitled "Violations of Home Ownership and Equity Protection Act [15 U.S.C. § 1639 et seq.]" is precluded by a one-year limitations period that commenced to run in March 2007 when Lori Mannarino executed loan documents.  (*In re Community Bank of Northern Virginia* (3d Cir. 2005) 418 F.3d 277, 304-305.)  The thirteenth cause of action entitled "Violations of Real Estate Settlement Procedures Act [12 U.S.C. § 2601 et seq.]" is likewise barred by a three-year limitations period that commenced on the execution of loan documents.  (12 U.S.C. § 2614.)  The fourteenth and fifteenth causes of action allege violations of Financial Code sections 50204 and 4973 and are precluded by the one-year limitations period of Code of Civil Procedure section 340, subdivision (a).  (*DeLeon v. Wells Fargo Bank, N.A.* (N.D. Cal. 2010) 729 F.Supp.2d 1119, 1128.)

*Standing*

Treihaft does not have standing to prosecute the alleged causes of action concerning the making of the loan and execution of loan documents because, as pleaded, these events predate his interest in the property.  Lori Mannarino alone obtained the loan in March 2007 and executed loan documents at that time.

*Failure to State Facts Sufficient to Constitute a Cause of Action*

The complaint does not set forth sufficient facts to state any cause of action against Valerio and Sevillano, alleged notaries to loan or foreclosure documents.  Indeed, beyond describing them as notaries, the complaint does not allege facts regarding their actions or failure to act.

4

To the extent Mannarino's alleged contractual causes of action (fourth, fifth, and sixth causes of action) rest upon the terms of her loan, she has not stated a valid cause of action. Ordinarily, a party to a contract cannot justifiably claim unawareness of the express provisions of the contract. (*Fuller v. First Franklin Financial Corp.*, *supra*, 216 Cal.App.4th 955, 964-965.) In addition, the relationship between an institutional lender and a borrower is not a fiduciary one. (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1093, fn. 1.)

Mannarino's first cause of action entitled "Negligence" does not state a cause of action because "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (*Nymark v. Heart Fed. Savings & Loan Assn.*, *supra*, 231 Cal.App.3d 1089, 1096.) Mannarino has not alleged facts suggesting that the bank's involvement in the transaction was other than that of an institutional lender.

Mannarino's allegations regarding Bank's lack of authority to commence or maintain foreclosure proceedings because CIG HFI 1st Loan Mortgage is the true lender fail to state sufficient facts to constitute a cause of action. If a deed of trust contains an express provision granting a power of sale, the beneficiary may pursue nonjudicial foreclosure pursuant to Civil Code section 2924. A "trustee, mortgagee, or beneficiary or any of their authorized agents" may institute the foreclosure process. (*Id.*, subd. (a)(1).) Civil Code section 2924b, subdivision (b)(4) further provides that a "'person authorized to record the notice of default or the notice of sale'" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."

*Civil Code Section 2923.5*

Mannarino alleges that Bank did not contact her as required by Civil Code section 2923.5 to discuss options to avoid foreclosure. The complaint states that a foreclosure sale has occurred, however. Purported noncompliance with Civil Code

5

section 2923.5 does not invalidate a completed foreclosure or entitle a plaintiff to damages.  (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 214-215.)

The judgment is affirmed.  Respondents shall recover costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:



YEGAN, J.



PERREN, J.

6

Matthew Guasco, Judge

Superior Court County of Ventura

_____

Lori Mannarino and Sam Treihaft, in pro. per., for Plaintiffs and Appellants.

McGuirewoods LLP, Leslie M. Werlin, Lila Y. Al-Marhoon for Defendants and Respondents.