Filed 3/27/14  Robbins v. Deutsche Bank CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VINCENT ROBBINS et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendant and Respondent. | 2d Civil No. B246880<br>(Super. Ct. No. 1397052)<br>(Santa Barbara County) |

Vincent and Virginia Robbins and Vincent and Virginia Robbins as Trustees of the Robbins Family Trust appeal a judgment of dismissal entered after the trial court sustained a demurrer to their second amended complaint without leave to amend.  (Code Civ. Proc., § 581d.)  We affirm.

*FACTS AND PROCEDURAL HISTORY*

On April 20, 2012, the Robbinses filed a complaint in propria persona against Deutsche Bank National Trust Company ("Bank"), to allege causes of action for rescission and cancellation of recorded documents.  They requested declaratory and injunctive relief as well as damages.

The Robbinses alleged that on February 2, 2007, they refinanced their residential property at 25 Conejo Road, Santa Barbara, by application to Americorp

Funding ("Americorp"). As terms of the refinancing, they executed a promissory note for $1,493,000 and a deed of trust securing that obligation.

Specifically, the Robbinses complained that Americorp did not make a "loan" to them. They alleged that Americorp instead "induced [them] into . . . signing the 'promissory note' and later monetized [their] signature to create some sort of 'Bearer Instrument' which [Americorp] later sold to third party-investors." Americorp then deposited the Robbinses' obligation "in a transaction account . . . to create *new* money for itself without disclosure to [the Robbinses]." The Robbinses alleged that this practice was an "investment transaction scheme" that "duped [them] into loaning themselves their own 'money.'"

The Robbinses further alleged that they received a notice of default and additional documents regarding foreclosure from RSM&A Foreclosure Services ("RSM&A"), on behalf of the beneficiary. RSM&A was not a party to the refinance agreement. They alleged that these "attempts to collect a debt" without "a contractual nexus" constituted fraud.

On June 8, 2012, the Bank demurred to the Robbinses' complaint, asserting that it did not state facts sufficient to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) The Bank requested that the trial court take judicial notice of the recorded trustee's deed upon sale, reflecting that RSM&A, as trustee, conducted a nonjudicial foreclosure sale on September 29, 2011, at which the Bank, as beneficiary, made a full credit bid of $1,577,905.01.

The trial court sustained the Bank's demurrer with leave to amend. On July 20, 2012, the Robbinses filed a first amended complaint similar to the original complaint, but attempting to allege an additional cause of action for slander of title. The Bank again demurred. The trial court sustained the demurrer to the first amended complaint and granted the Robbinses leave to amend.

On October 24, 2012, the Robbinses, represented by counsel, filed a second amended complaint against Americorp, RSM&A, and the Bank. The Robbinses alleged

2

that they refinanced their existing mortgage and borrowed against the equity in their home to obtain funds to make safe investments with a guaranteed return. Michael Baker, an owner and officer of Americorp, arranged the refinancing, recommended investment with Diversified Lending Group ("DLG"), and promised a guaranteed return of 12 percent annually. Americorp and DLG had common ownership and officers. The refinancing agreement provided for a 40-year mortgage with a 6.375 percent fixed interest rate and a balloon payment.

The Robbinses invested approximately $850,000 with DLG, and from March 2007 through February 2009, they received a $6,200 monthly return upon their investment. In March 2009, however, the United States Securities and Exchange Commission filed an action against DLG. On May 18, 2009, the Robbinses attended a federal court hearing regarding DLG's receiver, DLG, and DLG's investors. Subsequently, owners and officers of Americorp and DLG were convicted of federal crimes, including bank fraud and mortgage fraud. The Robbinses learned that their investments with DLG were in the nature of a "Ponzi" scheme. Without the DLG monthly investment income, the Robbinses defaulted in payment of their promissory note, and foreclosure of their property ensued.

The Robbinses attempted to allege two causes of action against the Bank: wrongful foreclosure and noncompliance with Civil Code 2923.5.[1] The Robbinses challenged assignments from Americorp to Mortgage Electronic Registration Systems, Inc. ("MERS") and from MERS to the Bank; they alleged that the Bank and RSM&A were without legal right to initiate foreclosure proceedings.

The Bank demurred to the second amended complaint, asserting that the allegations did not state a cause of action. The trial court sustained the demurrer without leave to amend. In ruling, the court stated that the three-year statute of limitations of Code of Civil Procedure section 338, subdivision (d) precluded any fraud action against

---

[1] All further statutory references are to the Civil Code unless stated otherwise.

the Bank; the refinance documents clearly disclosed the loan terms; and section 2923.5 provides only a postponement remedy prior to a foreclosure sale.

The Robbinses appeal and contend that the trial court abused its discretion by sustaining the Bank's demurrer without leave to amend.

*DISCUSSION*

*I.*

The Robbinses argue that they have stated a cause of action for wrongful foreclosure based upon Americorp's fraud in the inception of the refinance agreement. They assert that they discovered this fraud on September 13, 2011, when Americorp's principal, Richard Maize, was convicted and sentenced for criminal fraud. The Robbinses point out that they brought this action within one year of Maize's criminal conviction.

The Robbinses also assert that neither MERS nor RSM&A validly assigned any interest to the Bank or lawfully instituted foreclosure proceedings.

On appeal from a judgment dismissing an action following the sustaining of a demurrer without leave to amend, our standard of review is de novo, i.e., we exercise our independent judgment whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545, 564.) We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189, fn. 1; *Lafferty*, at p. 564.) We also give the complaint a reasonable interpretation, reading it in context and as a whole, to determine whether plaintiff has stated a cause of action. (*Lafferty*, at p. 564.) Pursuant to the rules of truthful pleading, we disregard allegations that are inconsistent with other allegations or matters that may be judicially noticed. (*Ayreh*, at p. 1189, fn. 1.)

Plaintiff bears the burden of showing that the factual allegations establish every element of each cause of action pleaded. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.) We affirm the trial court's ruling if there is any

4

ground upon which the demurrer could have been properly sustained. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 752.) Plaintiff also bears the burden of showing that a reasonable possibility exists that he can amend his pleading to state a cause of action. (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 962; *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 ["Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend"].)

To the extent that the Robbinses alleged that they did not understand the terms of their promissory note and deed of trust, including that the note might be assigned, they have not stated a valid cause of action. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 ["Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note"].) Ordinarily, a party to a contract cannot justifiably claim unawareness of the express provisions of the contract. (*Fuller v. First Franklin Financial Corp.*, *supra*, 216 Cal.App.4th 955, 964.) The promissory note and deed of trust that the Robbinses executed specifically state the term of the note, interest rate, the existence of a balloon payment, and the possibility of assignment. "A cardinal rule of contract law is that a party's failure to read a contract, or to carefully read a contract, before signing it is no defense to the contract's enforcement." (*Desert Outdoor Advertising v. Superior Court* (2011) 196 Cal.App.4th 866, 872.)

Any fraud cause of action is also precluded by the three-year limitations period of Code of Civil Procedure section 338, subdivision (d). The Robbinses expressly alleged that, in March 2009, they received notice from the DLG receiver to attend a DLG investor hearing in federal court. They were also aware by that date that the Securities and Exchange Commission was investigating the principals of Americorp and DLG. As

5

well, the Robbinses alleged that their income stream from DLG had ceased in February 2009. Their original complaint, filed April 20, 2012, was filed more than three years after receiving notice of Americorp's possible fraud.

Finally, we reject the argument that MERS lacked authority to assign the promissory note and deed of trust to the Bank, or that RSM&A lacked authority to file a notice of default against the Robbinses property. The assignment to "Mortgage Electronic Registration *System,* Inc." from Americorp or its assignee, and the assignment from "Mortgage Electronic Registration *Systems*, Inc." to the Bank, obviously refer to the same entity although the former reference contains a scrivener's error. In addition, the notice of default states that RSM&A "is either the original trustee, the duly appointed substituted trustee, or *acting as agent for the trustee or beneficiary under a Deed of Trust dated February 2, 2007, executed by [the Robbinses].*" (Italics added.) Moreover, MERS, a Delaware corporation, is not required to register in California to conduct business. (Corp. Code, § 2104; *Castaneda v. Saxon Mortgage Services, Inc.* (E.D.Cal. 2009) 687 F.Supp.2d 1191, 1195, fn. 3 [MERS is a Delaware corporation statutorily exempted from the requirement to obtain a certificate of qualification to conduct business in California].)

*II.*

The Robbinses contend that they have stated a cause of action for violation of section 2923.5, requiring borrowers and lenders to discuss alternatives to foreclosure prior to the filing of a notice of default.

It is a settled rule, however, that the only remedy for violation of section 2923.5 is a delay of the foreclosure sale pending compliance with the statute. (*Intengan v. BAC Home Loans Servicing LP, supra*, 214 Cal.App.4th 1047, 1059.) The Robbinses cannot state a cause of action pursuant to section 2923.5 because the nonjudicial foreclosure sale occurred prior to filing of this lawsuit. (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 235 [section 2923.5 remedy limited to obtaining postponement of

impending foreclosure to permit lender to comply with section; noncompliance does not affect title to foreclosures already held].)

*III.*

The Robbinses argue that they can state a cause of action for wrongful foreclosure based upon the recent holding in *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1083 [borrower states cause of action by allegations that foreclosing entity without authority to foreclose because borrower's promissory note was not transferred into securitized mortgage trust within lawful time].  They request that we take judicial notice of documents submitted to the trial court following the judgment of dismissal:  Five pages of a 65-page Securities and Exchange Commission submission by IndyMac Bank regarding Residential Asset Securitization Trust 2007-A5, and a letter dated March 27, 2007, from Americorp to Vincent Robbins stating that "effective April 1, 2007," the loan account was transferred to IndyMac Bank.

*Glaski* permitted a foreclosed borrower to challenge the beneficiary instituting nonjudicial foreclosure proceedings based upon the purported assignment of the mortgagor's loan to the corpus of a securitized mortgage trust after the trust's closing date.  *Glaski* held:  "We conclude that a borrower may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which was formed under [New York] law) occurred after the trust's closing date. Transfers that violate the terms of the trust instrument are void under New York trust law, and borrowers have standing to challenge void assignments of their loans even though they are not a party to, or a third party beneficiary of, the assignment agreement." (*Glaski v. Bank of America, supra,* 218 Cal.App.4th 1079, 1083.)

We deny the Robbinses' request for judicial notice of the partial IndyMac Bank submission or the letter from Americorp to the Robbinses concerning transfer of their loan because the documents are not proper subjects for judicial notice pursuant to any of the subdivisions of Evidence Code sections 451 and 452.

7

In any event, the IndyMac Bank submission states a closing date of "[o]n or about March 29, 2007." The March 27, 2007, letter from Americorp Funding concerns loan servicing and remittance of mortgage payments commencing April 1, 2007. The letter does not purport to state a date for which the Robbinses' loan was added to the corpus of a securitized mortgage trust.

In view of our discussion, we need not discuss the parties' remaining arguments. The Robbinses have not met their burden of establishing that they can amend their complaint to state a valid cause of action.

The judgment of dismissal is affirmed. Respondent is to recover costs on appeal.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

8

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____


Law Office Julian Simonis, Julian A. Simonis, Athina K. Powers for Plaintiffs and Appellants.


TFLG, A Law Corporation, S. Edward Slabach for Defendant and Respondent.