[No. A135782. First Dist., Div. Five. Mar. 22, 2013.]

ARDEN M. INTENGAN, Plaintiff and Appellant, v.
BAC HOME LOANS SERVICING LP et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II.A.2.–10., B. and C.

## Counsel

Arden M. Intengan, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and M. Elizabeth Holt for Defendants and Respondents.

## Opinion

**NEEDHAM, J.**—Arden M. Intengan (Intengan) appeals from a judgment of dismissal entered after the court sustained the demurrer to her third amended complaint without leave to amend. Essentially, Intengan sought to preclude respondents from foreclosing on her property, contending they lack authority to do so under the relevant deed of trust and notice of default. In this appeal, Intengan argues that the demurrer should not have been sustained because she alleged facts sufficient to state a cause of action, including a claim based on respondents' alleged failure to contact her or attempt with due diligence to contact her before recording the notice of default (Civ. Code, § 2923.5). She also contends the court should have ruled on her motion to strike the demurrer.

We will reverse the judgment. In the published portion of our opinion, we conclude that judicial notice could not be taken of respondents' compliance with Civil Code section 2923.5, and Intengan's allegations that respondents did not comply with the statute were sufficient to state a cause of action for wrongful foreclosure. In the unpublished portion of the opinion, we conclude that Intengan failed to state any other cause of action and the court did not err in denying leave to amend.

### I. FACTS AND PROCEDURAL HISTORY

On June 26, 2006, Intengan borrowed $696,500 from Countrywide Bank, N.A. (Countrywide). The loan was secured by a deed of trust on

Intengan's real property in Daly City. Under the deed of trust, the beneficiary was Mortgage Electronic Registration Systems, Inc. (MERS), the trustee was respondent ReconTrust Company, N.A. (ReconTrust), and BAC Home Loans Servicing LP (BAC) serviced the note. BAC's successor is respondent Bank of America, N.A.

On or about December 28, 2010, MERS assigned its beneficial interest in Intengan's deed of trust to "The Bank of New York Mellon fka The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Holders of SAMI II Trust 2006-AR7, Mortgage Pass-Through Certificates, Series 2006-AR7" (Bank of New York).

On December 28, 2010, ReconTrust, as agent for the beneficiary under the deed of trust, recorded a notice of Intengan's default on Intengan's loan; the notice of default and election to sell under deed of trust indicated that she was more than $46,000 in arrears.

Purportedly accompanying the notice of default was a declaration by Samantha Jones, "MLO Loan Servicing Specialist of BAC Home Loans Servicing, LP," in which she states under penalty of perjury that Bank of America "tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5." The declaration does not provide any facts to support this conclusion, such as the specifics of any attempt to contact Intengan.

A notice of trustee's sale was recorded by ReconTrust on April 5, 2011, setting a sale date of April 26, 2011. Intengan does not allege that the sale occurred, and the respondents' brief represents that no sale took place and that Intengan has been in possession of the property for nearly two years without making payments on her loan.

## A. Original, First Amended, and Second Amended Complaints

On April 25, 2011—the day before the scheduled foreclosure sale— Intengan filed a complaint against defendants, including BAC and Recon-Trust, asserting causes of action for declaratory relief, injunctive relief, and an accounting. Before any defendant responded, Intengan filed a first amended complaint and then a second amended complaint.

BAC and ReconTrust filed a demurrer to Intengan's second amended complaint. The court sustained their special demurrer to the first and second

causes of action, with leave to amend in order to state a violation of Civil Code section 2923.5. The court also sustained their general demurrer to the third cause of action for an accounting, without leave to amend.

### B. *Third Amended Complaint*

Intengan filed her third amended complaint in January 2012 against BAC, ReconTrust, and others. This time, she purported to assert causes of action for wrongful foreclosure, fraud, intentional misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, slander of title, quiet title, declaratory relief, violation of Business and Professions Code section 17200, unjust enrichment, and injunctive relief seeking to enjoin the pending foreclosure sale.

In February 2012, respondents filed a demurrer to the third amended complaint. Although the demurrer is central to the issues on appeal, neither Intengan nor respondents include the demurrer in the record. The record does contain, however, respondents' request for judicial notice in support of their demurrer, by which they sought judicial notice of the deed of trust on Intengan's property, the notice of default, the assignment of the deed of trust to Bank of New York, and the notice of trustee's sale.

In June 2012, Intengan filed an opposition and "motion to strike" the demurrer, "on the grounds that Defendant[] Bank of America's Demurrer does not state facts sufficient to constitute a demurrer, is uncertain, is ambiguous, is unintelligible, is irrelevant, is false, contains improper matters and/or is not drawn or filed in conformity with the laws of California." She urged that the demurrer misstated facts and ignored the law, and therefore it should be stricken or denied. The purported motion was not accompanied by a notice of hearing.

The court granted respondents' request for judicial notice and sustained their demurrer to the third amended complaint without leave to amend. A judgment of dismissal was entered on June 15, 2012.

This appeal followed.

## II. DISCUSSION

As mentioned, Intengan argues that the court erred in sustaining the demurrer and further erred in failing to rule on her motion to strike the demurrer.

## A. *Demurrer*

In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. (*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 985–986 [74 Cal.Rptr.3d 47].) We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory. (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595 [95 Cal.Rptr.3d 18].)

In making this determination, we also consider facts of which the trial court properly took judicial notice. (E.g., *Avila v. Citrus Community College Dist.* (2006) 38 Cal.4th 148, 165, fn. 12 [41 Cal.Rptr.3d 299, 131 P.3d 383].) A demurrer may be sustained where judicially noticeable facts render the pleading defective (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 [40 Cal.Rptr.3d 205, 129 P.3d 394]), and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400 [102 Cal.Rptr.3d 72] (*Hoffman*); see *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264–265 [129 Cal.Rptr.3d 467] (*Fontenot*) [in sustaining demurrer, court properly took judicial notice of recorded documents that clarified and to some extent contradicted plaintiff's allegations]).

In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879–880 [6 Cal.Rptr.2d 151].) We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained. (*Debro v. Los Angeles Raiders* (2001) 92 Cal.App.4th 940, 946 [112 Cal.Rptr.2d 329].)

### 1. *Wrongful Foreclosure (First Cause of Action)*

The first purported cause of action in Intengan's third amended complaint is for "wrongful foreclosure." Intengan alleges there was "an unauthorized Trustee, document irregularities, improper signatories, and [a] defective Notice of Default"; she further alleges that "due to the chain of assignments, it is now unknown and doubtful who is the current lender/beneficiary/assignee with legal authority and standing regarding the mortgage on [the] subject property." Intengan also claims that BAC and ReconTrust failed to comply with a number of Civil Code sections regulating nonjudicial foreclosures, including the requirement of contacting the borrower, or attempting to do so with due diligence, under Civil Code section 2923.5.

### a. *Failure to tender*

As a general rule, a plaintiff may not challenge the propriety of a foreclosure on his or her property without offering to repay what he or she borrowed against the property. (*Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 [92 Cal.Rptr. 851] [judgment on the pleadings properly granted where plaintiff attempted to set aside trustee's sale for lack of adequate notice, because "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust"]; see *United States Cold Storage v. Great Western Savings & Loan Assn.* (1985) 165 Cal.App.3d 1214, 1222–1223 [212 Cal.Rptr. 232] ["the law is long-established that a *trustor* or his successor must tender the obligation in full as a prerequisite to [a] challenge of the foreclosure sale"]; *FPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021–1022 [255 Cal.Rptr. 157] [tender rule is based on "the equitable maxim that a court of equity will not order a useless act performed . . . [¶] . . . if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs"].)

Intengan's third amended complaint alleges her willingness "to tender the appropriate and reasonable mortgage payments." That allegation, however, is plainly insufficient. A valid tender of performance must be of the full debt, in good faith, unconditional, and with the ability to perform. (Civ. Code, §§ 1486, 1493, 1494, 1495.)

Intengan's third amended complaint also asserts that "tender is not required inasmuch as there is [a] void foreclosure, not a voidable one." (See *Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 877–878 [97 Cal.Rptr.2d 255].) However, Intengan does not allege that she was fraudulently induced into the loan; nor does she otherwise attack the validity of the debt. Nor do her allegations indicate a defect in the foreclosure procedure that would render a resulting sale void *on its face*, particularly when considered in light of the documents that were judicially noticed. On the other hand, as we shall discuss *post*, Intengan has alleged a defect in the foreclosure procedure—the failure to comply with Civil Code section 2923.5—which, if true, would render the foreclosure either void or voidable. Whether or not this would remove the need to allege tender is an issue we need not address, since an allegation of tender is unnecessary for another reason.

According to the allegations of the third amended complaint—as well as representations in the respondents' brief—no foreclosure sale had occurred as of the time of the ruling on the demurrer. While the tender requirement may apply to causes of action to *set aside* a foreclosure sale, a number of

California and federal courts have held or suggested that it does not apply to actions seeking to *enjoin* a foreclosure sale—at least where the lenders had allegedly not complied with a condition precedent to foreclosure. (See, e.g., *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1280–1281 [150 Cal.Rptr.3d 673] [failure to allege tender of full amount owed did not bar declaratory relief or injunctive relief based on wrongful foreclosure, where lenders had not yet foreclosed and borrowers alleged that lenders had not complied with servicing regulations that were a condition precedent to foreclosure]; *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 225 [110 Cal.Rptr.3d 201] *(Mabry)* [borrower not required to tender full amount of indebtedness in seeking to enjoin foreclosure sale based on alleged failure to comply with Civ. Code, § 2923.5]; *Barrionuevo v. Chase Bank, N.A.* (N.D.Cal. 2012) 885 F.Supp.2d 964, 969–970 & fn. 4 *(Barrionuevo)* [no tender requirement where foreclosure sale had not yet occurred, in case where noncompliance with Civ. Code, § 2923.5 was alleged].)

### b. *Wrongful foreclosure theories*

Intengan contends that the foreclosing beneficiary under the deed of trust, Bank of New York, has not been shown to have standing to foreclose. She alleges: "Defendants made transfers, assignments of the subject loan and that due to the chain of assignments, it is now unknown and doubtful who is the current lender/beneficiary/assignee with legal authority and standing regarding the mortgage on the subject property."

Intengan fails to allege wrongful foreclosure on this ground. The records of which the court took judicial notice, without Intengan's objection, identify the foreclosing beneficiary to be the Bank of New York. Specifically, the recorded deed of trust names MERS as the original beneficiary, the recorded assignment of the deed of trust assigns all beneficial interest under the deed of trust from MERS to Bank of New York as the new beneficiary, and the notice of trustee sale was dated and recorded after Bank of New York became the beneficiary. (See *Fontenot, supra,* 198 Cal.App.4th at pp. 264–265 [court may take judicial notice of the fact of the existence and legal effect of legally operative documents, such as the identity of the beneficiary designated in the deed of trust, where not subject to reasonable dispute]; *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743.) While Intengan's pleading includes the unsupported conclusion that there was no assignment of the deed of trust in favor of "The Bank of New York Mellon fka The Bank of New York as Trustee," the recorded assignment of which the court took judicial notice shows there was, and Intengan neither alleges nor argues facts from which the assignment might be inferred to be invalid. (See *Fontenot, supra,* at

pp. 264–265.) Under these circumstances, the judicially noticed facts contradict the conclusory allegations of the third amended complaint, and those allegations may be disregarded. (*Id.* at p. 265; *Hoffman, supra,* 179 Cal.App.4th at p. 400.)[1]

Similarly, Intengan alleges that respondents could not provide a valid "chain of assignments" from previous lenders including Countrywide. From the outset, however, MERS (not Countrywide) was the beneficiary under the deed of trust, and the assignment of the deed of trust shows that MERS assigned its interest to Bank of New York. (See *Fontenot, supra,* 198 Cal.App.4th at pp. 264–265.)

Intengan also alleges the conclusion that the notice of trustee's sale arose from an "unauthorized Trustee, document irregularities, [and] improper signatories." Although she alleges that the substitution of ReconTrust as trustee was not recorded until February 17, 2011, the records of which the court took judicial notice—including the original deed of trust—show that ReconTrust was the trustee from the beginning and throughout the date of the notice of default and notice of trustee sale. (See *Fontenot, supra,* 198 Cal.App.4th at pp. 264–265.) Furthermore, both beneficiaries and trustees—and their agents—may record notices of default. (Civ. Code, § 2924, subd. (a)(1).) Thus, ReconTrust was authorized to record the notice of default as the trustee, and it was also authorized to record the notice of default as the agent of the beneficiary. Intengan's allegations fail to state facts from which it may be inferred that the notice of default or the notice of trustee's sale was invalid on this ground.

Intengan further alleges that respondents did not comply with the requirements of Civil Code sections 2823.6, 2923.5, or 2923.6, before proceeding with the foreclosure. There is no Civil Code section 2823.6. Her allegations as to Civil Code section 2923.6 are unavailing, but her allegation as to Civil Code section 2923.5 suffice to state a cause of action.

In January 2012, when Intengan's third amended complaint was filed, and June 2012, when it was dismissed, Civil Code section 2923.6 provided:

---

[1] Accord, *Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1375 [127 Cal.Rptr.3d 362] (*Herrera*). In *Herrera,* the court held that judicial notice could not be taken of the fact that a foreclosing bank was the beneficiary under a deed of trust where the judicial notice was to be based on a disputed hearsay statement in a *substitution of trustee* form that the bank was the beneficiary (as opposed to the original deed of trust or an assignment that actually made the bank the beneficiary) and a disputed hearsay statement in an assignment of the deed of trust that the *predecessor* bank was successor to the original beneficiary (which was a hearsay statement that could not establish a chain of title without independent proof). Here, by contrast, the legally operative effect of the deed of trust is that MERS was the beneficiary, and the legally operative effect of the assignment from MERS to Bank of New York is that Bank of New York became the new beneficiary.

"It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." (Civ. Code, § 2923.6, former subd. (b).)[2] Intengan alleged that, pursuant to Civil Code section "2823.6"—which we take to mean "2923.6"—"Defendants are now contractually bound to implement the loan modification as provided therein." But Civil Code section 2923.6 does not grant a right to a loan modification. To the contrary, it "merely expresses the hope that lenders will offer loan modifications on certain terms" and "conspicuously does not require lenders to take any action." (*Mabry, supra,* 185 Cal.App.4th at p. 222 & fn. 9, italics omitted.) In other words, "[t]here is no 'duty' under Civil Code section 2923.6 to agree to a loan modification." (*Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1617 [126 Cal.Rptr.3d 174].)

■ Civil Code section 2923.5 precludes a trustee (like respondent ReconTrust) or mortgage servicer (such as BAC/respondent Bank of America) from recording a notice of default until 30 days after the loan servicer has made initial contact with the borrower to assess the borrower's financial situation and explore options for avoiding foreclosure, or has satisfied the due diligence requirements of the statute. (Civ. Code, § 2923.5, subd. (a)(1).) Due diligence requires sending a letter by first class mail, making three attempts to contact the borrower by telephone, and sending a certified letter if no response is received within two weeks of the telephone attempts. (Civ. Code, § 2923.5, subd. (e).)

Intengan expressly alleged in her third amended complaint that respondents "*did not comply* with such contact and due diligence requirements pursuant to Civil Code section 2923.5." (Italics added.) In support of their demurrer, respondents sought judicial notice of the notice of default, including the attached declaration of Samantha Jones, which averred that Bank of America "tried with due diligence to contact [Intengan] in accordance with California Civil Code Section 2923.5." But in her opposition to the demurrer, Intengan argued that she had never spoken with Jones in person or over the telephone, heard any recording from Jones "over the telephone or any other method recorded by 'Ms. Jones', Defendants Bank of America or Mr. Julian," or "communicated with 'Ms. Jones' by any method of communication whatsoever nor received any communication whatsoever from 'Ms. Jones' other than by the 'Ms. Jones' Declaration Defendants Bank of America and Mr. Julian have provided."

---

[2] Statutes 2012, chapter 87, section 7, effective January 1, 2013, amended Civil Code section 2923.6, subdivision (b) by substituting "mortgage servicer" for "mortgagee, beneficiary, or authorized agent."

Construing the allegations of the third amended complaint broadly (as we must on demurrer), we conclude that Intengan stated a cause of action for wrongful foreclosure based on respondents' alleged noncompliance with Civil Code section 2923.5. Intengan alleged that defendants did not contact her or attempt to contact her with due diligence as required by the statute. Although respondents sought judicial notice of Jones's declaration regarding compliance with the statute, Intengan disputed the truthfulness of Jones's declaration by denying that she was ever contacted or received any telephone message. She also argued at the demurrer hearing that it was inappropriate to turn the hearing into an evidentiary hearing—in other words, that a demurrer may not be sustained by resolving a conflict in the evidence. And in this appeal Intengan argues that, while judicial notice may be taken of the existence of a document such as a declaration, accepting the truth of its *contents* presents an entirely different matter.

■ Intengan is correct. Civil Code section 2923.5 requires not only that a declaration of compliance be attached to the notice of default, but that the bank actually perform the underlying acts (i.e., contacting the borrower or attempting such contact with due diligence) that would constitute compliance. While judicial notice could be properly taken of the *existence* of Jones's declaration, it could not be taken of the facts of compliance asserted *in* the declaration, at least where, as here, Intengan has alleged and argued that the declaration is false and the facts asserted in the declaration are reasonably subject to dispute. (See, e.g., *Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374–376 [228 Cal.Rptr. 878] (*Joslin*) [facts disclosed in a deposition and not disputed could be considered in ruling on a demurrer, but facts disclosed in the deposition that were disputed could not be, since " 'judicial notice of matters upon demurrer will be dispositive only in those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed' "].) Indeed, respondents only sought judicial notice of the documents attached to its request, not the underlying fact of its attempt to contact Intengan.

Taking judicial notice that the bank actually performed certain acts that might constitute compliance with its statutory obligations, based solely on a declaration that avers compliance in a conclusory manner, would of course be vastly different than merely taking judicial notice that the declaration was signed and attached to the notice of default (or, as discussed *ante*, from taking judicial notice of the legal effect of a legally operative deed of trust that names its beneficiary). At least in this case, what the bank actually did to comply with the statute is reasonably subject to dispute and cannot be judicially noticed, even though the existence of the declaration (and the legal effect of a deed of trust) is not reasonably subject to dispute and can be judicially noticed. (See *Skov v. U.S. Bank National Assn.* (2012) 207 Cal.App.4th 690, 696 [143 Cal.Rptr.3d 694] (*Skov*) [where bank sought

judicial notice of a notice of default declaration stating compliance with Civ. Code, § 2923.5, whether the bank "complied with section 2923.5 is the type of fact that is reasonably subject to dispute, and thus, not a proper subject of judicial notice"].)

Furthermore, even if the "facts" stated in Jones's declaration *could* be the subject of judicial notice, the declaration contains only a conclusory assertion that Bank of America complied with the statute: nowhere does it state when, how, or by whom the elements of due diligence were accomplished, or how the declarant knew if they were.[3] More importantly, the most these averments could do is create a factual dispute as to whether respondents complied with the statute. (See *Mabry, supra*, 185 Cal.App.4th at pp. 235–236 [competing accounts as to possibility of compliance with Civ. Code, § 2923.5 created conflict in the evidence].) A demurrer is " 'simply not the appropriate procedure for determining the truth of disputed facts.' " (*Joslin, supra*, 184 Cal.App.3d at p. 374; see *Skov, supra*, 207 Cal.App.4th at pp. 696–697 [assuming the truth of the plaintiff's allegations, a disputed issue of compliance with Civ. Code, § 2923.5 cannot be resolved at the demurrer stage]; see also *Barrionuevo, supra*, 885 F.Supp.2d 964, 976–977 [borrowers' allegation that bank did not contact them before filing the notice of default was sufficient to state a violation of Civ. Code, § 2923.5, despite judicial notice taken of declaration in notice of default that asserted statutory compliance]; *Argueta v. J.P. Morgan Chase* (E.D.Cal. 2011) 787 F.Supp.2d 1099, 1107 (*Argueta*) [despite judicial notice of notice of default including declaration of compliance with Civ. Code, § 2923.5, plaintiff's allegations were sufficient to preclude dismissal where plaintiffs alleged that they did not receive phone calls, phone messages, or letters before the notice of default was recorded].)

On this basis, Intengan' stated a cause of action for wrongful foreclosure based on the purported failure to comply with Civil Code section 2923.5 before recordation of the notice of default. For this reason, it was error to sustain the demurrer.[4]

---

[3] This detail might not be necessary for the *declaration* to meet the requirements of the statute. (*Mabry, supra*, 185 Cal.App.4th at p. 235.) But at issue here is not the sufficiency of the declaration's form, but whether it can be said, as a matter of law, that respondents complied with the requirement that the loan servicer contacted the borrower or made the necessary efforts to do so.

[4] We note, however, the well-established rule that there is no remedy for violation of Civil Code section 2923.5 except a delay of the foreclosure sale pending compliance with the statute. (*Mabry, supra*, 185 Cal.App.4th at p. 223; *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 525–526 [134 Cal.Rptr.3d 604]; *Argueta, supra*, 787 F.Supp.2d at p. 1107.)

2.–10.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 11. *Intengan's Other Arguments*

Intengan contends that the court's ruling on the demurrer "is partial and therefore inconsistent with California statutory and case law," "amounts to a constructive tax" in violation of her constitutional rights, violates her constitutional right to be free from illegal takings, resulted from a misapplication of law and ignorance of the facts, and violates her "Constitutional Right to separation of powers." She contends that "[n]o evidence exists in the record that Judge Swope had any probable cause to institute any forfeiture action against Appellant Intengan by the Wrongful Demurrer Ruling resulting in the loss of Appellant Intengan's lawsuit." She asserts that the "refusals" of Bank of America and the trial court "resemble an Orwellian conundrum." She "further requests that this Court piece together Appellant Intengan's Constitutional Right that Judge Swope and Respondents Bank of America shattered Humpty Dumpty-like due to their acts of partiality, misapplication of law, ignorance of facts and unconstitutionality and by their refusals to contemplate the gravity of their decisionmaking before proceeding contrary to law." Intengan additionally refers us to Lewis Carroll's Alice's Adventures in Wonderland (1865). And she urges us to do justice and mercy in this case, providing numerous quotations from the Bible.

We have fully considered all of Intengan's arguments in arriving at our disposition of her appeal. We conclude the trial court erred in sustaining the demurrer to the third amended complaint, only in that Intengan adequately alleged a violation of Civil Code section 2923.5, which might be pursued under her theory of wrongful foreclosure. Accordingly, the judgment of dismissal must be reversed, and the order sustaining the demurrer to the third amended complaint must be reversed solely as to her purported cause of action for wrongful foreclosure, based exclusively on the alleged violation of Civil Code section 2923.5, potentially providing relief only in the form of a postponement of the foreclosure sale.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1047.

## III. DISPOSITION

The judgment of dismissal is reversed. The order sustaining the demurrer is reversed, solely as to a cause of action for wrongful foreclosure based on allegations that respondents did not comply with Civil Code section 2923.5. Appellant shall recover her costs on appeal.

Jones, P. J., and Bruiniers, J., concurred.

A petition for a rehearing was denied April 17, 2013.