Filed 7/24/14  Robbins v. Santa Barbara County Sheriff's Office CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BROOKE TEAL ROBBINS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SANTA BARBARA COUNTY<br>SHERIFF'S OFFICE et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B252797<br>(Super. Ct. No. 1417585)<br>(Santa Barbara County) |

Plaintiff brings a taxpayer's suit for declaratory and injunctive relief against the Santa Barbara County Sheriff's Office and Sheriff Bill Brown.  Plaintiff alleges that prior to serving a writ of possession, the Sheriff has a duty to investigate to determine whether the court properly issued the writ.  The trial court sustained the Sheriff's demurrer without leave to amend.  We affirm the ensuing judgment.

FACTS

Brooke Teal Robbins alleges as follows:

Robbins is a resident and taxpayer of Santa Barbara County.  Since 2009, she has continuously resided at 25 Conejo Road in Santa Barbara as a tenant of her parents.  Her parents were the victims of fraud, elder abuse, predatory lending and wrongful foreclosure.  The purchaser at the foreclosure sale successfully prosecuted an

unlawful detainer action against her parents. Her parents have vacated the premises. Robbins was never served with a notice of trustee's sale; was not properly served with a 60-day notice prior to eviction; and was not named in the unlawful detainer action or writ of possession.

Robbins alleges, on information and belief, that the Santa Barbara County Sheriff's Office through Sheriff Bill Brown, will "effectuate the writ of possession and writ of eviction regardless of the writ being improper" and of the "rights and remedies" of Robbins; the Sheriff and his office have "a policy and a custom of carrying out all court ordered Writs of Possessions and evictions without further investigation while using taxpayer funds"; and the Sheriff and his office "routine[ly] presume that all occupants have been properly served [prior] to judgment and therefore" do not consider Robbins's right to be "properly Noticed of Trustee's Sale and proper 60-day Notice" prior to eviction.

## DISCUSSION

### I.

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid.*) But we do not assume the truth of contentions, deductions or conclusions of law. (*Ibid.*) Our review of the trial court's decision is de novo. (*Ibid.*)

We review the trial court's decision to allow an amendment to the complaint for an abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273.) Where there is no reasonable possibility that plaintiff can cure the defect with an amendment, sustaining a demurrer without leave to amend is not an abuse of discretion. (*Id.* at p. 274.)

### II.

Robbins seeks an injunction for a writ of possession that does not exist. That such a writ may issue sometime in the future if the unnamed owner of the property

2

succeeds in an unlawful detainer action cannot support Robbins's cause of action. Nothing has happened yet. Lawsuits are based on facts, not speculation about facts that may or may not occur in the future. We cannot render an advisory opinion or adjudicate cases not before us. (*Nordstrom Com. Cases* (2010) 186 Cal.App.4th 576, 591.)

In any event, procedural issues aside, there is no merit to the substance of Robbins's complaint. It appears that Robbins's complaint alleges that prior to serving a writ of possession, the Sheriff must conduct an investigation to determine whether the trial court properly issued the writ. The law is quite clear. The Sheriff has no duty to investigate, but is required to serve a writ of possession issued by the court. (See Code Civ. Proc., § 715.020, subd. (a) ["The levying officer *shall serve* a copy of the writ of possession on one occupant of the property"].)

The judgment is affirmed. Costs are awarded to respondents.

NOT TO BE PUBLISHED.



GILBERT, P. J.


We concur:



YEGAN, J.



PERREN, J.



3

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Brooke Teal Robbins, in pro. per., for Plaintiff and Appellant.

Office of the County Counsel County of Santa Barbara, Michael C. Ghizzoni, County Counsel, and Lisa A. Rothstein, Senior Deputy, for Defendants and Respondents.