Filed 10/9/14  Baldwin v. JPMorgan Chase Bank CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JUDITH L. BALDWIN et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant and Respondent. | B247882<br><br>(Los Angeles County<br>Super. Ct. No. EC058619) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Laura A. Matz, Judge.  Affirmed.

Judith L. Baldwin, in pro. per., and Prince Song Cambilargiu, in pro. per., for Plaintiffs and Appellants.

Bryan Cave, Christopher L. Dueringer, and Richard P. Steelman for Defendant and Respondent.

Can the tender of a check drawn on an individual and postdated 50 years pay off a home loan? The trial court ruled it could not, and we agree.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Judith L. Baldwin (Baldwin) borrowed $664,000 in a 40-year loan from Washington Mutual (WaMu). WaMu took out a deed of trust secured by Baldwin's home in Valley Village, California, naming itself as beneficiary and California Reconveyance Company (CRC) as trustee. Beneficial ownership of the deed of trust later passed to defendant JPMorgan Chase Bank, N.A. (Chase), and then to Bank of America.

Baldwin eventually fell behind in her mortgage payments, and CRC filed a notice of default, followed by four notices of trustee's sale.

Before a nonjudicial foreclosure sale took place, Baldwin quitclaimed 20 percent of her interest in the home to plaintiff Prince Song Cambilargiu (Cambilargiu). Cambilargiu then mailed Chase an untitled check purporting to pay off the entire balance of the mortgage, except that the check was drawn on Cambilargiu himself (not a bank) and was postdated 50 years.

When Chase refused to accept the check in satisfaction of the loan or to reconvey the deed of trust to plaintiffs, they sued Chase, in pertinent part, for breach of contract, for violations of Civil Code sections 2924, subdivision (a)(1) and 2941, and to quiet title. The trial court sustained Chase's demurrer without leave to amend.

## DISCUSSION

Our task in reviewing an order sustaining a demurrer without leave to amend is twofold: We ask "whether the complaint states facts sufficient to constitute a cause of action," and "whether there is a reasonable possibility that the defect can be cured by amendment." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "[W]e accept as true both facts alleged in the text of the [pertinent] complaint and facts appearing in exhibits attached to it. If the facts appearing in the attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence." (*Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 567-568.)

2

*Validity of Cambilargiu's Check*

The viability of plaintiffs' four claims turns on the validity of the check Cambilargiu tendered. Plaintiffs' first three claims depend on whether the check is "good": Chase is alleged to have breached the deed of trust by refusing to reconvey it after full payment; to have violated then existing Civil Code section 2924c, subdivision (a)(1), by not acknowledging that the "entire amount due" had been "pa[id]"; and to have violated Civil Code section 2941 by not acknowledging that "the obligation . . . ha[d] been satisfied" (Civ. Code, § 2941, subd. (b)(1)). Moreover, a valid tender of full payment is a prerequisite to plaintiffs' quiet title claim, even if brought before a foreclosure sale. (*Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, 500; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 87.)

Payment, satisfaction, or tender of a debt is valid only if it is "of the full debt, in good faith, unconditional, and [made] with the ability to perform." (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1053, citing Civ. Code, §§ 1486, 1493, 1494, 1495.) "[A] mere indication of a willingness to perform in the future" will not suffice. (*Waller v. Brooks* (1968) 267 Cal.App.2d 389, 394.)

Cambilargiu's check is not a valid payment, satisfaction, or tender. It is drawn on him (not a bank), and it is postdated by five decades—nearly two decades after the underlying loan becomes due and payable. (Accord, *McElroy v. Chase Manhattan Mortgage Corp.* (2005) 134 Cal.App.4th 388, 391-394 [homeowner's tender of "the Bill" "worthless on its face"; no tender].)

Plaintiffs carefully construct an argument from various provisions of the Commercial Code as to why Cambilargiu's check is a valid "negotiable instrument." Their argument does not displace the definition of valid payment, satisfaction, or tender set forth above. Nor could it, for plaintiffs' argument would mean defaulting homeowners would be entitled to immediate reconveyance of their deeds of trust once they execute a check drawn on themselves and postdate it decades in the future. This would spell the end of the mortgage industry.

3

Because Cambilargiu's check is not a valid payment, the trial court properly sustained the demurrer without leave to amend.

*Other Issues*

Plaintiffs raise three other grounds in defense of their complaint.

First, they argue that the trial court's ruling violates due process and equal protection because it is legally incorrect. We disagree, and accordingly no constitutional violation arises.

Second, plaintiffs assert that Chase did not properly acquire title to the deed of trust from WaMu. They cite *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*). *Glaski* held that a homeowner could challenge whether his loan was properly placed into one of WaMu's securitization trusts under New York law. Many courts have rejected *Glaski* as inconsistent with longstanding precedent proclaiming that "'[t]he securitization of a loan does not . . . alter or affect the legal beneficiary's standing to enforce the deed of trust.'" (*Mendoza v. JPMorgan Chase Bank, N.A.* (2014) 228 Cal.App.4th 1020, 1029; *id.* at p. 1034 [listing federal decisions rejecting *Glaski*]; *Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201, 1206-1207 [same]; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 [errors in transferring beneficial interest in deed of trust do not prejudice homeowner, and thus do not provide defense to foreclosure]; *Arabia v. BAC Home Loans Servicing, L.P.* (2012) 208 Cal.App.4th 462, 473-474 [same].) We agree with this greater weight of authority, and reject plaintiffs' claim.

Third, plaintiffs contend that the notice of default was invalid because Chase's transfer of its beneficial interest in the deed of trust to Bank of America rendered Chase incapable of filing the notice. But the notice was filed by CRC, which a trustee may do under Civil Code section 2924, subdivision (a)(1). Plaintiffs also argue that the notice was defective because it listed the incorrect beneficiary (Chase rather than Bank of America), but Civil Code section 2924 does not require the beneficiary to be named in the notice. (*Id.*, § 2924, subd. (a)(1).)

4

## DISPOSITION

For these reasons, we affirm the judgment.  Chase is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HOFFSTADT, J.


We concur:


BOREN, P. J.


CHAVEZ, J.