Filed 12/30/15  Castillo v. Military Dept. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| RICHARD CASTILLO et al., | C077086 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34201300154661-CU-OE-GDS) |
| v. | |
| MILITARY DEPARTMENT, | |
| Defendant and Respondent. | |

Plaintiffs, 13 former active duty members of the California state militia, sued the California Military Department (CMD) claiming age discrimination based on their relief from duty after reaching the age of 60.  CMD successfully demurred to the complaint and plaintiffs appeal from the judgment of dismissal.

Plaintiffs contend the remedies of the Fair Employment and Housing Act (FEHA) (Gov. Code, §§ 12940 et seq.) apply to members of the militia and no exemption applies here; they argue the age designations for mandatory retirement in Military and Veterans Code section 142 apply only to "service members" and they did not meet the definition of

1

"service members." They add that the *Feres* doctrine (*Feres v. United States* (1950) 340 U.S. 135 [95 L.Ed.2d 152]), which limits when members of the armed services can sue for injuries arising out of or in the course of activity incident to service, does not apply to their situation. We find the law expressly permits CMD to make retention decisions based on age for service members aged 60 or older, and plaintiffs were service members aged 60 or older. Accordingly, we shall affirm the judgment.

## BACKGROUND

*Employment in the California State Militia*

The active militia of the State of California consists of the National Guard, the State Military Reserve, and the Naval Militia. (Mil. & Vet. Code, § 120.)[1] The Governor may order active militia to perform "military duty of every description." (§ 142, subd. (a).) When so ordered by the Governor, such service members constitute the state active duty force. (§ 141.5.)

A military selection process is used to select service members for permanent positions. A service member who remains on state active duty for six consecutive years is eligible for career active duty status and may remain on state active duty until age 60 or separation for cause. At age 60, a service member may remain on active duty under temporary orders which may be renewed annually. (§ 142, subd. (b).) When a service member reaches age 64, or when federal recognition of his or her grade or rank is withdrawn if later, the service member shall be retired from state active duty. (§ 142, subd. (d).)

There is a policy of nondiscrimination for members of the state militia. "(a) Members of the militia of the state shall not be discriminated against in enlistments, promotions, or commissions on any basis listed in subdivision (a) of Section 12940 of the

---

[1] Further undesignated statutory references are to the Military and Veterans Code.

Government Code, as those bases are defined in Sections 12926 and 12926.1 of the Government Code, except as otherwise provided in Section 12940 of the Government Code.

"(b) It is hereby declared to be the policy of the State of California that there be equality of treatment and opportunity for all members of the militia of the state without regard to any basis listed in subdivision (a) of Section 12940 of the Government Code, as those bases are defined in Sections 12926 and 12926.1 of the Government Code. This policy shall be put into effect in the militia by rules and regulations to be issued by the Governor with due regard to the powers of the federal government that are, or may be, exercised over all the militia of the state with regard to positions requiring federal recognition." (§ 130.)

Government Code section 12490 prohibits discrimination in employment, unless based on a bona fide occupational qualification or where based on applicable security regulations, on the basis of "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status." (Gov. Code, § 12490, subd. (a).) " 'Age' refers to the chronological age of any individual who has reached his or her 40th birthday." (Gov. Code, § 12926, subd. (b).) Before the 2004 amendment to section 130 in Assembly Bill 2900 (Stats. 2004, ch. 788, § 17), the protected classes under section 130 were limited to race, national origin, ancestry, and color. (Stats. 1965, ch. 283, § 9, p. 1284.)

Government Code section 12940, subdivision (a)(5)(A) clarifies: "This part does not prohibit an employer from refusing to employ an individual because of his or her age if the law compels or provides for that refusal."

*The Complaint and Demurrer*

The complaint alleged the 13 plaintiffs, all 60 years of age or older, "were strictly and solely employees of the State of California as non-federally recognized members of

3

the State Militia."  A retention board was convened to implement section 142, subdivision (b), and none of the plaintiffs were retained, but were, or will be, separated from state employment because of their age.  The complaint alleged there is a controversy because of a perceived conflict (which we explain *post*) between section 142 on the one hand, and section 130 and Government Code section 12490 on the other.

The first cause of action was for discrimination on the basis of age in violation of section 130 and Government Code section 12490.  The second cause of action alleged failure to prevent discrimination in violation of Government Code section 12490, subdivision (k).  The third cause of action alleged a violation of due process in violation of article I, section 7 of the California Constitution, causing damage to plaintiffs.  The fourth cause of action sought declaratory relief, an adjudication of the parties' rights and duties with regard to age discrimination in employment.  The complaint sought damages, a declaratory judgment, costs and attorney fees, and an order for the court to retain jurisdiction to implement and carry out any court orders.

CMD demurred to the complaint, asserting it failed to state facts to constitute a cause of action.  (Code Civ. Proc., § 430.10, subd. (e).)  CMD contended the *Feres* doctrine barred all of plaintiffs' claims.  CMD also asserted that FEHA did not apply to service members and that section 142, subdivision (b) authorized retention decisions based on age if the service member was age 60 or older.  Damages were not available for constitutional violations and plaintiffs had no beneficial interest in the rights they sought to adjudicate.

The trial court sustained the demurrer without leave to amend and entered judgment for CMD.

# DISCUSSION

## I

### *Plaintiffs' Classification as Service Members*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

As set forth *ante*, section 142, subdivision (b) provides that a service member who has attained state active duty status may remain on state active duty until age 60. Thereafter, a service member *may* be retained under temporary orders which *may* be renewed annually. (*Ibid*.) A service member *shall* be retired from state active duty at age 64. (§ 142, subd. (d).) Thus, under these express and clear provisions of the Military and Veterans Code, plaintiffs had no right to remain on state active duty after the age of 60 if indeed they were properly classified as service members under that code section.

Plaintiffs contend they were not service members as contemplated by section 142. Instead, the complaint alleged (the legal conclusion) that plaintiffs "were strictly and solely employees of the State of California as non-federally recognized members of the State Militia." "Although in reviewing the sufficiency of a complaint against a general demurrer we treat the demurrer as admitting 'all material facts properly pleaded,' we do

5

not treat as true such conclusions of law. [Citation.]" (*Wildensten v. East Bay Regional Park Dist.* (1991) 231 Cal.App.3d 976, 980.)

Section 142 does not specifically define the term "service member." Where a specific definition is not provided, we give the words of a statute "their usual and ordinary meanings" and construe "them in context." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190.) A "service member" is usually understood to be a member of the service and in the context of section 142 relating to the active militia, a "service member" is a member of active militia. Plaintiffs had been members of the militia and had been on active duty. The trial court granted CMD's request to take judicial notice of plaintiffs' military order that showed each was relieved from state active duty. In reviewing an order sustaining a demurrer, "we also consider facts of which the trial court properly took judicial notice. [Citation.]" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) As active service militia members, plaintiffs were service members for purposes of section 142. (§ 141.5.)

A definition of the term "service member" appears in section 400. Plaintiffs point to this definition to argue that they are not properly classified as service members for purposes of section 142. Section 400, subdivision (a) states: " 'Service member' means both of the following: [¶] (1) Officers and enlisted members of the National Guard called or ordered into active state service by the Governor pursuant to the provisions of Section 143 or 146 into active federal service by the President of the United States pursuant to Title 10 or 32 of the United States Code. [¶] (2) Reservists of the United States Military Reserve who have been called to full-time active duty." We agree that this specific definition applies only to members of the National Guard or the United States Military Reserve called into active service in times of insurrection (§ 143), war, or other emergency (§ 146). It does not cover those, such as plaintiffs, who are serving in the state active duty force. (§ 141.5.)

However, although plaintiffs contend the section 400 definition of "service member" applies to all provisions of the Military & Veterans Code, we disagree. The definition in section 400 is limited "[f]or purposes of this chapter." (§ 400.) "This chapter" is chapter 7.5, which provides certain financial protections, such as a stay, postponement, or suspension of the payment of tax, fine, penalty, insurance premium, or other civil obligation of liability. (§ 401, subd. (a).) The Governor's signing message explains the need for such protections for service members who are called into active service, leave civilian jobs, and may experience financial hardship. The signing message states the bill "will ensure that equal protection is provided to all California National Guard members and other reservists, who unselfishly put their civilian lives on hold to serve and protect millions of Californians." (See Historical and Statutory Notes, 46 West's Ann. Mil. & Vet. Code (2010 ed.) foll. § 395.06, p. 197.) Plaintiffs were not leaving civilian jobs for active service in times of insurrection, war, or other emergency; they were not the limited class of "service members," defined in section 400, for whom chapter 7.5 offered special protections. Simply put, the narrow definition in section 400 does not apply to plaintiffs. They are not "service members" for the special protections of sections 400 et seq.[2]

II

*FEHA*

Plaintiffs contend the remedies of FEHA were extended to members of the militia by the 2004 amendment (Assem. Bill No. 2900) to section 130. Section 130, subdivision (b) sets forth the policy of nondiscrimination on the same bases as set forth in FEHA, but, contrary to plaintiffs' argument, it expressly provides for a different remedy. "This policy shall be put into effect in the militia by rules and regulations to be issued by the

---

[2] There is a similar definition of "service member" in section 821, limited to the California Military Families Financial Relief Act of 2005. (§§ 820 et seq.)

Governor with due regard to the powers of the federal government that are, or may be, exercised over all the militia of the state with regard to positions requiring federal recognition." (§ 130.) This remedy is found in CMD Directive 600-22, which "establishes policies and procedures for filing, processing, investigating, settling, and adjudicating discrimination complaints in the California Military Department (CMD) for State Active Duty (SAD) members and State Military Reserve (SMR) members." The trial court granted CMD's request for judicial notice of this directive.

Further, FEHA contains an exception that is applicable here. Subdivision (a)(5)(A) of Government Code section 12940 provides: "This part does not prohibit an employer from refusing to employ an individual because of his or her age if the law compels or provides for that refusal." Section 142 "provides for that refusal" at age 60 and "compels" it at age 64. Moreover, the nondiscrimination policy set forth in section 130 incorporates this exception: "except as otherwise provided in Section 12940 of the Government Code." (§ 130.)

Plaintiffs contend this exception applies only to the opening sentence of Government Code section 12490: "It is an unlawful employment practice, unless based upon a bona fide occupational qualification or, except where based upon applicable security regulations established by the United States or the State of California." Plaintiffs argue the only exceptions to nondiscrimination under FEHA must be based on a bona fide occupational qualification or a security regulation.

The structure of the statute defeats this argument. Subdivision (a) of Government Code section 12940 prohibits discrimination in employment on a number of bases. After the basic prohibition of discrimination there are five paragraphs (some with subparagraphs), each referring to "this part." In context, it is clear each of these paragraphs refers to subdivision (a) as "this part," not the opening sentence which is separate from any subdivision. Thus, the language of subdivision (a)(5)(A)--"This part does not prohibit an employer from refusing to employ an individual because of his or

8

her age if the law compels or provides for that refusal"-- refers to and modifies subdivision (a), not the opening sentence of Government Code section 12940.

## III

### *Conclusion*

Plaintiffs have failed to state a viable cause of action for age discrimination or failure to prevent discrimination because the express language of section 142 authorized CMD to relieve plaintiffs from active duty at age 60. CMD acted in accordance with the law, so there was no violation of plaintiffs' due process rights and there is no actual controversy requiring a declaratory judgment. Accordingly, the trial court did not err in sustaining CMD's demurrer without leave to amend.

Because we have resolved this case based on the statutory provisions involved, we need not consider the proper scope of the *Feres* doctrine and whether it applies to preclude plaintiffs' suit against CMD.

## DISPOSITION

The judgment is affirmed. CMD shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

 

 

 

                                                                  /s/
                                                               Duarte, J.

We concur:

 

/s/
Butz, Acting P. J.

 

/s/
Hoch, J.