**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ALEXANDRA M. SPIEGEL, <br><br> Debtor, <br><br> ------------------------------ <br><br> BLAIR WALLACE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WRIGHT GRANDCHILDREN, L.P.; MICHAEL WRIGHT, <br><br> Defendants-Appellees, <br><br> and <br><br> STEPHEN HUNG, <br><br> Defendant. | No. 15-15239 <br><br> D.C. No. 2:14-cv-00576-GEB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 13, 2017
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges, and LASNIK,** District Judge.

Plaintiff Blair Wallace, successor in interest to Chapter 7 debtor Alexandra Spiegel, appeals the district court's order affirming the judgment by the bankruptcy court in favor of Defendants Wright Grandchildren L.P. and Michael Wright (collectively, "the Wrights") as to their claims for judicial foreclosure and declaratory relief and against Wallace as to his counterclaims. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 158(d)(1). We affirm.

This appeal hinges on whether Wallace could have made a valid tender of $150,000 to the Wrights that, pursuant to a release clause in a loan agreement between Spiegel and the Wright Grandchildren L.P., would have required the Wrights to release their security interest in a parcel of land then owned by Spiegel. Under California law, which controls here, "A valid tender of performance must be of the full debt, in good faith, unconditional, and *with the ability to perform*." *Intengan v. BAC Home Loans Servicing LP*, 154 Cal. Rptr. 3d 727, 731 (Cal. Ct. App. 2013) (emphasis added) (citing Cal. Civ. Code, §§ 1486, 1493-95). Despite Wallace's contentions to the contrary, none of the California state court cases or

** The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

civil code provisions cited by him excuse his need to show that he had the ability to perform by being able to pay the $150,000. *See, e.g.*, *Ersa Grae Corp. v. Fluor Corp.*, 2 Cal. Rptr. 2d 288 (Cal. Ct. App. 1991); *Backus v. Sessions*, 10 P.2d 51, 56 (Cal. 1941). *See also* Cal. Civ. Code § 1495 ("An offer of performance is of no effect if the person making it is not able and willing to perform according to the offer.").

The bankruptcy court did not clearly err in finding that Wallace had failed to demonstrate his ability to pay the Wrights $150,000 during the relevant time period. *See Blausey v. United States Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). The bankruptcy court did not credit Wallace's testimony that he had the money available to satisfy the release clause, and Wallace provided no documentary evidence to otherwise show that he had or could get the money, even though such evidence should have been relatively easy to obtain. Although Wallace argues that the trial court clearly erred by ignoring evidence of his ability to perform, none of the evidence identified by Wallace on appeal demonstrates clear error.

**AFFIRMED.**