Filed 1/25/22  Rosenzweig v. Vallurupalli CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RUSS ROSENZWEIG,<br><br> Plaintiff and Appellant,<br><br>v.<br><br>HARI K. VALLURUPALLI,<br><br> Defendant and Respondent. | 2d Civ. No. B311935<br>(Super. Ct. No. 56-2020-00540108-CU-BT-VTA)<br>(Ventura County) |

The trial court sustained without leave to amend defendant's demurrer to plaintiff's third amended complaint alleging intentional interference with prospective economic advantage and negligence.  We affirm the ensuing judgment.

## FACTS

The facts are taken from the third amended complaint.

Daniel Diermeier is described as "a renowned crisis and reputation management consultant."  He is a principal in Silicon Valley Innovation Institute, LLC (SVII).  Plaintiff Russ Rosenzweig was the chief executive officer (CEO) of SVII.

Rosenzweig has an interest in Launch Education, LLC, which in turn has an interest in SVII.

Diermeier as an individual entered into a service agreement with Hari Vallurupalli as an individual and as manager of 63 Partners, LLC, and Paul Del Gallo as sole member of Three Companies, LLC. The agreement contained confidentiality and noncompetition clauses. The agreement also contained a provision giving the managers of 63 Partners and Three Companies the right to notify any present or prospective employer or client of Diermeier of their rights and obligations in their agreement with Diermeier. It also gave the managers the right to give notices to any present or prospective employer or client should Diermeier breach his obligations under the agreement.

In February 2018, Del Gallo sent a notice by e-mail to 15 of Diermeier's business associates, including his partners in SVII. It stated, "[This notice is] sent to inform [you] 'of certain conditions that may be of relevance to you or your firm. In preservation of our position in law and in equity, you are notified of some of the tenets of Dr. Diermeier's contract.'" The notice also stated the sender's right to injunctive relief for Diermeier's violation of his covenant not to compete or his confidentiality obligation.

The notice was sent from the account of a company Del Gallo owns called First Sight. Vallurupalli conspired with Del Gallo to send the notices.

After Del Gallo sent the notices, SVII's partners stopped their collaboration with Diermeier. They lost all confidence in Diermeier and feared becoming involved in ligation. SVII ceased

operations. Rosenzweig's interest in and position at SVII became worthless.

*Procedure*

In Rosenzweig's original and first amended complaints, he alleged that Vallurupalli published the e-mail notices. By the time of his third amended complaint, Rosenzweig realized that the e-mails showed Del Gallo published the e-mail notices. To make up for the apparently minor problem that the e-mails showed someone other than the defendant Vallurupalli committed the alleged wrongful acts, the third amended complaint alleged that Vallurupalli conspired with Del Gallo to send the notices.

The trial court sustained Vallurupalli's demurrer to Rosenzweig's third amended complaint without leave to amend. The trial court concluded that the facts pleaded fail to show a proximate cause between the alleged wrongful acts and harm to Rosenzweig.

DISCUSSION

I

*Standard of Review*

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid.*) But we do not assume the truth of contentions, deductions, or conclusions of law. (*Ibid.*) Our review of the trial court's decision is de novo. (*Ibid.*)

We review the trial court's decision to allow an amendment to the complaint for an abuse of discretion. (*Fontenot v. Wells*

3.

*Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 274.)  Where there is no reasonable possibility that plaintiff can cure the defect with an amendment, sustaining a demurrer without leave to amend is not an abuse of discretion.  (*Id.* at p. 274.)

II

*Proximate Cause*

Rosenzweig contends the trial court erred in concluding the third amended complaint showed a lack of proximate cause.

The third amended complaint alleges two causes of action: intentional interference with prospective economic advantage and negligence.

Intentional interference with prospective economic advantage requires:  (1) an economic relationship between plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.  (*Marsh v. Anesthesia Services Medical Group, Inc.* (2011) 200 Cal.App.4th 480, 504.)

Negligence requires the existence of a duty to the plaintiff, breach of that duty, and proximate cause resulting in injury.  (*McIntyre v. The Colonies-Pacific, LLC* (2014) 228 Cal.App.4th 664, 671.)

Proximate cause has two aspects.  The first aspect is cause in fact, that is, "but-for" causation.  (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 352.)  The second aspect focuses on public policy considerations.  (*Id.* at p. 353.)  Because the factual cause of an event may be traced back to the dawn of

4.

humanity, the law has as a matter of public policy imposed limitations on liability in addition to cause in fact. (*Ibid.*)

In *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, a company was seeking to sell equipment to the Republic of South Korea. The defendant committed a wrong against the company that caused it to lose the contract. The agent of the company that lost the contract sued the defendant for loss of prospective economic damages. The agent claimed that when the company it represented lost the contract, it lost the commission. The court held that the agent satisfied the proximate cause element. But the court cautioned, "In other cases, however, this proximate cause requirement will prevent a plaintiff from recovering for harm that is more remotely connected to a defendant's wrongful conduct." (*Id.* at p. 1166.)

Rosenzweig relies on *Korea Supply* for the proposition that the harm caused to the plaintiff can be indirect. But *Korea Supply* also cautions that the proximate cause element will not be satisfied if the harm is more remotely connected to the defendant's wrongful conduct. (*Korea Supply Co. v. Lockheed Martin Corp.*, *supra*, 29 Cal.4th at p. 1166.)

In *Korea Supply*, the harm directly caused to the company indirectly harmed its agent. The direct and indirect harm were only one step apart. The question here is how indirect was the harm allegedly caused to Rosenzweig?

Rosenzweig alleges that he was indirectly harmed when the direct harm to Diermeier caused SVII to collapse. But Rosenzweig appears deliberately vague on his exact relationship to SVII, other than as a former employee. At one point, he alleges that he was "part owner" of SVII, without specifying what his ownership interest was. At another point, he alleged that he

had a "valid business relationship with SVII," without specifying the business relationship. The most concrete allegation of his interest in SVII is that he is "a part owner of Launch Education LLC, which maintains an ownership interest in SVII."

In other words, Rosenzweig has no interest in SVII. Instead, he has an interest in a limited liability company that has an interest in SVII. A limited liability company is an entity distinct from its members. (Corp. Code, § 17701.04, subd. (a).) Rosenzweig cannot raise and lower the corporate veil as it pleases him. (See *Communist Party v. 522 Valencia, Inc.* (1995) 35 Cal.App.4th 980, 993-994 [a party who uses the corporate form for his benefit may not disregard the corporate form].)

Thus, the chain of causation is as follows: Vallurupalli directly harmed Diermeier, which indirectly harmed SVII, which indirectly harmed Launch Education, LLC, which indirectly harmed Rosenzweig. That is far removed from proximate cause.

Rosenzweig's only direct connection to SVII alleged in the complaint is as a former employee. He cites no authority giving a former employee a cause of action against a party who harms his employer.

Rosenzweig has failed to state a cause of action for intentional interference with prospective economic advantage or negligence. Both causes of action require proximate cause and Rosenzweig failed to allege one. The trial court properly sustained Vallurupalli's demurrer to the third amended complaint.

### III
### *Leave to Amend*

Rosenzweig contends the trial court abused its discretion in denying him leave to amend his complaint.

But Rosenzweig offers no legal theory or facts he wishes to add that would state a cause of action. Rosenzweig could not state a cause of action in four complaints. There is no reasonable probability he could do any better with a fifth try. The trial court did not abuse its discretion.

DISPOSITION

The judgment is affirmed. Costs are awarded to respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.


7.

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Clark Hill, Richard H. Nakamura, Jr., Bradford G. Hughes and Giel Stein for Plaintiff and Appellant.

Myers, Widders, Gibson, Jones & Feingold and Jill L. Friedman for Defendant and Respondent.