Filed 8/8/16  Keshtgar v. U.S. Bank CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAEED KESHTGAR,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>U.S. BANK, N.A., as Trustee, etc.,<br><br>    Defendant and Respondent. | 2d Civil No. B246193<br>(Super. Ct. No. CV120282A)<br>(San Luis Obispo County)<br><br>OPINION ON REMAND<br>FROM SUPREME COURT |

Plaintiff obtained a loan secured by a deed of trust on real property.  The loan is in default.  He brought an action to prevent the bank from initiating foreclosure proceedings.  He claimed that the bank had no authority to initiate foreclosure because an assignment to the bank was either void or did not take place.  The trial court sustained the bank's demurrer without leave to amend.  We affirmed the ensuing judgment.  (*Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201.)  Our Supreme Court granted review (Oct. 1, 2014, S220012).  Our Supreme Court thereafter remanded the matter to us with instructions to vacate our decision and reconsider the matter in light of *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*).  We have reconsidered the matter in light of *Yvanova* and have determined *Yvanova* has no bearing on this case.

*Yvanova* applies only to actions alleging wrongful foreclosure, not actions to preempt foreclosure. We again affirm.

FACTS

In May 2005, plaintiff Saeed Keshtgar executed a note for $910,000 secured by a deed of trust on real property, recorded on June 10, 2005. The deed of trust named Resource Lenders, Inc., as the lender; Cuesta Title, as the trustee; and Mortgage Electronic Registration Systems, Inc. (MERS), as the beneficiary acting as nominee for the lender, its successors and assigns.

On October 19, 2011, the deed of trust was assigned to U.S. Bank N.A., as trustee for the certificate holders of Harborview Mortgage Loan Trust (U.S. Bank). The assignment was executed by Alice Rowe, a MERS assistant secretary, and recorded on November 4, 2011.

Keshtgar's first amended complaint alleges on information and belief that Rowe is not an assistant secretary, employee or agent of MERS; not an employee or agent of Resource Lenders; has no written authority to convey any real property that MERS or Resource Lenders may have; and that neither the board of directors of MERS or Resource Lenders approved the conveyance.

The complaint also alleges U.S. Bank did not receive an assignment of the note, was never in possession of the note, never acquired the rights of nor is a successor to MERS or Resource Lenders.

The complaint further alleges on information and belief that the mortgage assets held in trust by U.S. Bank are governed by a pooling and service agreement (PSA); that the PSA requires the trust assets be treated as a Real Estate Mortgage Investment Conduit (REMIC); that any mortgage transferred to a REMIC more than three months after its closing date would not be a qualified transaction, would be taxed at 100 percent and would violate the PSA; and that the note and deed of trust at issue here were transferred to the REMIC more than six years after its closing date.

The complaint requests that the assignment of the deed of trust be declared void *ab initio* and cancelled; that the trial court declare that U.S. Bank may not exercise

any rights under the deed of trust, including the power of sale; and that the court quiet title in Keshtgar and declare U.S. Bank has no right, title or interest in the property.

DISCUSSION

I.

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid.*) But we do not assume the truth of contentions, deductions or conclusions of law. (*Ibid.*) Our review of the court's decision is de novo. (*Ibid.*) Where there is no reasonable possibility that plaintiff can cure a defect in a complaint with an amendment, an order sustaining a demurrer without leave to amend is not an abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273, 274.)

II.

Stripped to its essence, Keshtgar's complaint alleges nothing more than the assignment between MERS and U.S. Bank did not occur or is void. Significantly, neither MERS nor U.S. Bank, the parties to the assignment, are contesting its validity. Keshtgar admits in his opening brief that the loan has been "non-performing" since at least October 2011.

In *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, borrower brought a preemptive action to forestall foreclosure. The borrower's complaint alleged that MERS had no authority to initiate foreclosure proceedings because the owner of the note did not authorize MERS to proceed. The loan servicer demurred to the complaint. The trial court sustained the demurrer without leave to amend and entered judgment for defendants.

The Court of Appeal affirmed. The court noted that California's nonjudicial foreclosure statutes (Civ. Code, §§ 2924-2924k) provide a comprehensive framework for the regulation of nonjudicial foreclosures. (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1154.) One purpose of this comprehensive scheme is to

3

provide a beneficiary with a quick, inexpensive and efficient remedy against a defaulting borrower. (*Ibid.*) Nowhere does the scheme provide for a judicial action to determine whether the person initiating the foreclosure process is authorized. (*Id.* at p. 1155.) There is no ground for implying such an action. (*Ibid.*) Recognition of such a right would "fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Ibid.*)

Given that Keshtgar acknowledges he has been in default since 2011, there appears to be no other purpose to the instant action than to delay a valid foreclosure.

Keshtgar argues that in *Gomes* the plaintiff had no factual basis to allege MERS lacked authority to initiate foreclosure. Keshtgar claims his complaint avoids this defect by alleging "a factual basis" on information and belief. It is true that in distinguishing federal trial court cases *Gomes* states: "It is also significant that in each of these cases, the plaintiff's complaint identified *a specific factual basis* for alleging that the foreclosure was not initiated by the correct party. Gomes has not asserted *any* factual basis to suspect that MERS lacks authority to proceed with the foreclosure." (*Gomes v. Countrywide Home Loans, Inc.*, *supra*, 192 Cal.App.4th at p. 1156.) *Gomes* holds that the California statutory scheme allows no preemptive action to challenge the authority of the person initiating foreclosure. No allegation of fact, no matter how specific, is sufficient to overcome the absence of a cause of action.

The facts alleged in *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 are similar to those alleged here. Plaintiff alleged the trustee of a securitized investment trust had no authority to initiate foreclosure on a trust deed because "the promissory note was not transferred into the investment trust with a complete and unbroken chain of endorsements and transfers . . . ." (*Id.* at p. 510.) The trial court sustained the defendant's demurrer without leave to amend. The Court of Appeal affirmed, citing *Gomes* for the proposition that California's comprehensive nonjudicial foreclosure scheme does not provide for a preemptive action to challenge the authority of the party initiating foreclosure. (*Jenkins* at p. 513.)

In *Yvanova v. New Century Mortgage Corp.*, *supra*, 62 Cal.4th 919, our Supreme Court held that in an action for wrongful foreclosure, the borrower has standing to challenge the assignment of the note and trust deed on the basis that the assignment is void. (*Id*. at pp. 942-943.) The court expressly limited its holding to a post-foreclosure action for wrongful foreclosure. The court stated, "We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning a foreclosing party's right to proceed." (*Id*. at p. 924.) The court disapproved of *Jenkins*, but only insofar as it can be interpreted to apply to wrongful foreclosure actions. The court stated, "This aspect of *Jenkins*, disallowing the use of a lawsuit to preempt a nonjudicial foreclosure, is not within the scope of our review, which is limited to a borrower's standing to challenge an assignment in an action seeking remedies for *wrongful foreclosure*. . . . We do not address the distinct question of whether, or under what circumstances, a borrower may bring an action for injunctive or declaratory relief to prevent a foreclosure sale from going forward." (*Yvanova*. at p. 934.)

In the instant case Keshtgar's complaint does not allege wrongful foreclosure. Instead, it is an action to preempt foreclosure by alleging the party initiating foreclosure lacks the authority to do so. *Gomes* and *Jenkins* state valid reasons why such a preemptive action is not allowed. Nothing in *Yvanova* affects the holding in those cases. In fact, *Yvanova* is quite careful to limit its holding to actions for wrongful foreclosure.

Keshtgar's reliance on *Barroso v. Owen Loan Servicing, LLC* (2012) 208 Cal.App.4th 1001, 1016, is misplaced. The complaint in *Barroso* was filed after foreclosure and did not challenge the authority of the loan servicer to initiate foreclosure proceedings. Moreover, it alleged full performance.

Keshtgar offers to amend his complaint to allege that noncompliance with the PSA is evidence that his loan was not transferred into the trust. That is a departure from his allegation that noncompliance with the PSA rendered the transfer void as a matter of law. Whether the transfer is alleged to be void or never made, there is no

preforeclosure cause of action to challenge the authority of the person initiating foreclosure.

The judgment is affirmed.  Costs are awarded to respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.


6

Charles S. Crandall, Judge

Superior Court County of San Luis Obispo
_____


Dennis Howard Moore for Plaintiff and Appellant.

Reed Smith LLP, David S. Reidy, Matthew J. Brady for Defendant and Respondent.