Filed 4/25/23  McKenzie v. Department of Industrial Relations, etc. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ADAMINA MCKENZIE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF WORKERS' COMPENSATION et al.,<br><br>    Defendants and Respondents. | G061562<br><br>(Super. Ct. No. 30-2022-01248965)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt, Judge.  Affirmed.

Adamina McKenzie, in pro. per., for Plaintiff and Appellant.

Department of Industrial Relations, Division of Workers' Compensation, Legal Unit, Ted E. Richards and Winslow F. West for Defendants and Respondents.

\*        \*        \*

Plaintiff Adamina McKenzie filed a workers' compensation claim after she was terminated from her employment. She declined to appear at her hearing, asserting the administrative law judge, the Honorable John Charles Cyprien, was an imposter and not a legitimate judge. After her failure to appear resulted in the dismissal of her case, she filed the instant lawsuit against defendants the Department of Industrial Relations, Division of Workers' Compensation, the State of California and Judge Cyprien (collectively defendants) alleging numerous causes of action. Defendants filed a demurrer, arguing numerous grounds, including workers' compensation exclusivity, judicial immunity, and the failure to state a claim. The trial court sustained the demurrer without leave to amend and dismissed the action with prejudice.

On appeal, McKenzie repeats her argument that Judge Cyprien is not a legitimate judge and for that reason, none of the reasons raised below in support of the demurrer were valid. We find that her contentions lack merit, and accordingly, we affirm the dismissal with prejudice.

I

FACTS

On June 6, 2017, McKenzie filed an application for adjudication of claim before the Worker's Compensation Appeals Board (the Board) for trauma injuries allegedly sustained between November 2014 and November 2015. Her employer at that time was San Joaquin College in Hesperia. The basis of her alleged trauma was the purported discovery that the CEO of the college was an impostor whose true identity was deceased actor Chris Farley, and another member of the administration was mixed martial arts fighter Chuck Liddell. That case settled for $50,000, and McKenzie signed the settlement documents in June 2018.

In December 2018, McKenzie filed a petition for reconsideration, which was construed as a petition to set aside the settlement. The matter was referred back to an

2

administrative law judge to determine whether good cause existed to set aside the settlement. At a hearing in July 2019, McKenzie argued the settlement was procured by fraud because neither her former attorney nor defense counsel were who they purported to be. McKenzie contended that her former attorney was Kim Kardashian and defense counsel was Ricki Lake based on the theory of "ear biometrics." (See *McKenzie v. Alta Resources Corp.* (Apr. 25, 2023, G061292) [nonpub. opn.].) The alleged fraud was that neither attorney was actually an attorney, therefore the settlement was procured by fraud. The administrative law judge rejected McKenzie's claims. McKenzie's husband, who had made the determination about the purported impersonations, had no credentials as an expert in forensic identification, and his findings were conjecture. The attorneys testified they were who they claimed to be and had been fingerprinted by the State Bar. In sum, the administrative law judge determined there had been no fraud and no cause to set aside the settlement.

In October 2020, McKenzie filed a new application for workers' compensation benefits against her new employer, Alta Resources Corporation (Alta). (See *McKenzie v. Alta Resources Corp.*, *supra*, G061292.) The description of the injury stated: "Expert discovered via 'Auricular Anthropometric Analysis' that 'Diana Floyd' [McKenzie's supervisor] played the Hollywood actress 'Jodi [*sic*] Foster' and Porn-Star 'Kali Kala Lina' thus misrepresenting []" herself and signing my Termination Letter in fraud. She also claimed other employees "with the higher echelons" of Alta were also Hollywood actors misrepresenting themselves. As a result of this alleged discovery, McKenzie claimed she was experiencing severe anxiety, severe emotional distress, and physical stress.

McKenzie's workers' compensation case was set for trial before Judge Cyprien, the administrative law judge. The matter was continued to October 11, 2021, when the parties were set to appear electronically. On October 11, McKenzie did not appear. Instead, McKenzie wrote a letter to the Board stating that her husband had

3

discovered via "Auricular Anthropometry" that Judge Cyprien "is not who he claims to be." She stated he "is impersonating a State Judge" and that accordingly, she could not have a fair trial. She demanded a trial with a "'Lawful' State Judge whose identity can be properly authenticated."

Judge Cyprien issued a notice of intent to dismiss due to McKenzie's failure to appear, and when she did not respond, dismissed the case entirely on December 1, 2021. McKenzie acknowledges receipt of both documents, although she claimed they were "invalid" due to their lack of "official signatures."

Rather than appealing through the Board, McKenzie then filed the instant case in the superior court on March 9, 2022. She alleged claims for professional negligence, concealment fraud, aiding and abetting, civil conspiracy, and intentional infliction of emotional distress. The named defendants were the State of California and Judge Cyprien.

Among other things, the complaint alleged that Governor Gavin Newsom was actually actor Bradley Cooper and Judge Cyprien was actually "the actor/persona known as 'Sean Gascoine' aka 'Sean Keith' son of the allegedly deceased English actress/persona known as 'Jill Gascoine' and English actor 'Alfred Molina.'" All of her purported claims were essentially centered around the allegations that Judge Cyprien was an imposter and assisted or conspired with other imposters.

Defendants demurred to the complaint, requesting the demurrer be sustained without leave to amend. Among other things, defendants argued that McKenzie's claims were barred due to workers' compensation exclusivity, the Board's immunity, and judicial immunity. They also argued McKenzie had failed to state a cause of action, failed to exhaust her administrative remedies before the Board, and failed to file a timely government claim. In response, McKenzie contended her complaint stated a sufficient cause of action because Judge Cyprien was an imposter and not a real judge. She stated Judge Cyprien is "a fictional persona & does not exist as a living man."

4

On May 13, 2022, the trial court sustained the demurrer without further leave to amend and dismissed the action with prejudice. The minute order noted there was a discussion on the record, but McKenzie did not include a reporter's transcript in the record on appeal. The clerk's certificate of mailing/electronic service was dated May 18, 2022, and signed by the deputy clerk. McKenzie's notice of appeal was filed on July 12, 2022.

## II

## DISCUSSION

*Standard of Review*

"In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. [Citation.] We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory." (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.] We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained." (*Ibid.*)

*Notice of Entry of Judgment*

McKenzie's first argument is that the notice of entry of judgment[1] was defective, which she argues in the context of the deadline to file an appeal. That issue was not raised by defendants and does not appear to be at issue in the case. Her notice of appeal was filed on July 12, 2022, within 60 days of the date the case was dismissed. We see no need to consider this point further.

*Judge Cyprien, Judicial Immunity, and Subject Matter Jurisdiction*

The entirety of McKenzie's next argument is that Judge Cyprien is not a real judge, but an impersonator. This argument relies entirely on McKenzie's own unsworn statements in documents she filed below, including her opposition to the demurrer, photographs with names on them that she apparently prepared, only two of which purport to be Judge Cyprien, an article from a journal about fingerprint alteration, a document from the United States Immigration and Naturalization Service regarding color photo specifications, an article from a web site about ear analysis, and an article about forensic biometrics.

There is no indication in the record that any of these documents were judicially noticed or accepted into evidence, nor should they have been in the context of a demurrer. "A demurrer tests the *legal sufficiency* of the factual allegations in a complaint." (*Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217, 225, italics added.) None of the documents to which McKenzie cites address the complaint's legal sufficiency, and while "[w]e assume the truth of the properly pleaded factual allegations . . ." (*ibid*), neither the trial court nor this court "assume the truth of 'contentions, deductions, or conclusions of fact or law.'" (*Baldwin v. AAA Northern California,*

---

[1] To be precise, there was no entry of judgment in this case. The court dismissed the case after sustaining the demurrer without leave to amend, and that was the order that was mailed by the clerk.

6

*Nevada & Utah Ins. Exchange* (2016) 1 Cal.App.5th 545, 550.)  Accordingly, the court was not required to accept the conclusions of McKenzie's husband.  The claims regarding imposters are mere conclusions and contentions, not allegations of fact, and are properly disregarded in determining whether the complaint properly pleads all the necessary elements of each cause of action alleged.

Without the contentions and conclusions regarding Judge Cyprien as an imposter, McKenzie's remaining arguments must fall.  Her claim that defendants are not entitled to judicial immunity rests entirely on the conclusion that Judge Cyprien "is not a judicial officer."  Her rather tangled argument about the state court's lack of jurisdiction in a workers' compensation matter also depends on the conclusion that Judge Cyprien "is not a *de jure* judge and is the Hollywood actor/persona known as 'Sean Gascoine' aka 'Sean Keith.'"

*Defendants' Arguments*

Defendants offered four grounds for sustaining McKenzie's demurrer, any one of which alone was sufficient to warrant sustaining the demurrer and dismissing the case.  We find their argument regarding workers' compensation exclusivity dispositive.

The Board has exclusive original jurisdiction over all workers' compensation claims and any incidental right or liability.  (Cal. Const., art. XIV, § 4; Lab. Code, § 5300.)  Labor Code section 5955 states:  "No court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the appeals board, or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or a court of appeal in all proper cases."

The wrongful acts McKenzie alleged in her complaint all relate directly to the performance of duties inside the context of the workers' compensation system.  The

7

alleged professional malpractice, conspiracy, aiding and abetting, and intentional infliction of emotional distress[2] all arise directly from the context of a worker's compensation claim. Accordingly, the superior court had no jurisdiction to hear any of McKenzie's claims. To do so would directly "interfere" within the meaning of Labor Code section 5955.

## III

## DISPOSITION

The dismissal without prejudice is affirmed. In the interests of justice, each party shall bear its own costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.

---

[2] If these claims did not arise from a workers' compensation case, each cause of action would have its own problems, which we need not discuss further.

8